In the Matter of Michael Harold
CAMPBELL, Leslie Ann
Campbell, Plaintiffs,

v.

Thomas K. GERACE, Chief, Claims
Section, Office of the Attorney
General, Defendant.

Bankruptcy No. 3–80–00793.
Adv. No. 3–80–0741.

United States Bankruptcy Court,
S. D. Ohio, W. D.

July 28, 1981.

Charles A. Johnson, Dayton, Ohio, for debtors-plaintiffs.

George W. Ledford, Englewood, Ohio, Trustee.

## DECISION AND ORDER

CHARLES A. ANDERSON, Bankruptcy Judge.

### FACTS

This case is before the Court upon a complaint filed by Plaintiff/Debtors, on 31 December 1980, against Thomas K. Gerace, Chief, Claims Section, Office of the Attorney General, State of Ohio, which came on for hearing 26 January 1981 at 11:00 A.M.

No responsive pleadings had been filed by Defendant and the Plaintiffs submitted evidence in support of the complaint which seeks, "that the Court find that the Defendant herein is in violation of the stay provisions of the United States Bankruptcy Code, find that the Defendant is in contempt of Court, award the Plaintiffs' Attorney a reasonable fee and make other Orders as are just and proper."

On 28 March 1980 Plaintiffs filed a Chapter 13 case and an order for relief was duly entered. An order confirming the Chapter 13 Plan was entered on 6 June 1980. The record indicates that the Ohio Department of Taxation was scheduled as an unsecured creditor for 1979 income tax in the amount of $67.02. No claim has been filed in the case.

On 15 December 1980 Defendant Thomas K. Gerace, Chief, Claims Section, Office of the Attorney General, State of Ohio sent Debtors a "Final Notice" stating in part that, "A judgment has been taken against you and a lien filed against your property in the Clerk of Courts' office in your county. If payment in full or suitable arrangements are not made within thirty (30) days from the date hereof, appropriate legal action will be taken and interest will be charged from the date of judgment. . . ."

The Attorney General's office cannot obviate notice of the pending case because it is noted that the account statement bears a filing stamp, as follows: "Dec. 15, 1980 BANKRUPTCY" (Photo copy appended hereto)

### DECISION

■ It would be difficult even to imagine a more flagrant violation of the Court's exclusive jurisdiction over the person and property of Debtors. The irresponsibility of the Attorney General's office is accentuated by the fact that there was not only the obvious disregard of the jurisdiction and automatic stay order; but, no responsive pleadings were ever filed and no appearance entered.

11 U.S.C. § 362 operates as a stay, applicable to all entities. 11 U.S.C. § 101(14) includes governmental units as an "entity". § 362(b)(1) and (b)(4) excepts only state criminal actions and proceedings by a governmental unit to enforce the unit's police or regulatory powers. The notice of a tax deficiency by the Tax Commission (WHICH WAS THE STAMP ACKNOWLEDGING THE COURT JURISDICTION), could be possibly treated as an exception to the stay, under 11 U.S.C. § 362(b)(8).

The Chief of the Claims Section of the Attorney General was not content, however, with lightly skirting around among exceptions, which might have been urged upon appearance in Court. Rather, Thomas K. Gerace with knowledge of the case proceeded to run rough-shod over the Debtors' rights by taking a judgment, perfecting a putative lien, and threatening "appropriate legal action". Ignorance of the law or action on advice of counsel would be of little solace to the office of Attorney General.

Despite the flagrant and deplorable violations of law by the office of the chief law officer for the state and its departments (R.C. § 109.82), this Court is constrained to address jurisdictional questions not raised by Plaintiffs. We note the axiom that, "A federal court must in every case, and at every stage of the proceeding, satisfy itself as to its own jurisdiction. The Court is not bound in this matter by the acts or pleadings of the Parties. . ." See 32 *Am.Jur.2d Federal Practice and Procedure § 170.*

The jurisdictional area of instant concern is the immunity from civil liability of public

officers acting within the scope of their authority, in the absence of bad faith or a corrupt motivation. The general rule is confused by case precedents holding ministerial officers liable to third persons injured by malfeasance, and for such there may even be criminal liability. See *44 Jur.2d Public Officers § 82, 99–101; 15 O.Jur.3d Civil Servants §§ 240–246.*

■ It seems clear from the decision of the Supreme Court in *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90, that actions against state officers that deprive persons of federal rights without due process of law is prematurely dismissed by a trial court under the common law doctrine of executive immunity when the pleadings raise questions that the Governor or subordinate officers were not acting within the range of discretion permitted; and, that the Plaintiffs are entitled to have the factual issues resolved. Hence, jurisdiction does lie for the instant cause of action.

The facts are clear that the Defendant not only violated the automatic stay with knowledge of the pending case; but, even more seriously, did not even appear in court to offer any factual defenses. Furthermore, there has been no evident effort by the Defendant to remove the lien after the contempt proceedings were instituted.

■ In light of the latent ambiguity of the contempt power under 28 U.S.C. § 1481 until March 30, 1984, the exercise of the criminal contempt power should not be countenanced herein.

■ Conformably to this Court's decision in similar proceedings, and for lack of sufficient evidence conformably to *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90, an order on the contempt aspects will be deferred and damages for trespass only as between the parties will be assessed. See decision of this court in *The Springfield Bank v. Caserta,* 10 B.R. 57 (Bkrtcy.S.D.Ohio).

No actual damages have been proved, other than for the costs of litigation incurred by the Plaintiffs. See decision of this court in *General Motors Acceptance Corporation v. Larry Miller,* 10 B.R. 74 (Bkrtcy.S.D.Ohio).

ORDERED, ADJUDGED AND DECREED, that Plaintiffs should be, and are hereby, awarded actual damages in trespass for the blatant violation of their rights.

ORDERED, ADJUDGED AND DECREED, that the judgment and lien taken in violation of Plaintiffs' rights are hereby cancelled and released.

ORDERED, that the action seeking determination of civil contempt of court is hereby continued and held under advisement until disposition of the pending Chapter 13 Case, or further order herein.

ORDERED, that a hearing be assigned at the earliest date available on the trial docket for a determination of the reasonable value of the attorney's fee and any other expenses incurred by Plaintiffs as assessed against Defendant herein.

APPENDIX·

**EXHIBIT A**

State of Ohio
Office of the Attorney General

BN-3

William J. Brown
Attorney General

PLAINTIFF'S
EXHIBIT
*A*

Bruce J? Rakay
First Assistant Attorney General
David P. Hiller
Chief Counsel
Henry E. Helling, III
Executive Assistant Attorney General
G. Duane Walsh
Deputy Attorney General

Dear Taxpayer,

The enclosed claim has been certified to the Claims Section of the Attorney General's Office by

the Department of Taxation for collection. This claim represents an assessment for failure to remit personal income tax for the period indicated on the blue statement.

This letter constitutes FINAL NOTICE. A judgment has been taken against you and a lien filed against your property in the Clerk of Courts'office in your county. If payment in full or suitable arrangements are not made within thirty (30) days from the date hereof, appropriate legal action will be taken and interest will be charged from the date of judgment.

Remittance in the amount indicated should be made by certified check or money order, payable to the Attorney General of Ohio and mailed to the address indicated with the enclosed statement.

All communications with this office must include the claim number appearing in the upper right corner of the enclosed statement and the name that the claim is filed under.

If this assessment has been paid please forward to this office copies of the front and back of the cancelled checks so we can apply the money to the proper account and send you a release.

Very truly yours,

Thomas K. Gerace
Chief, Claims Section

Claims Section / State Office Tower / 30 East Broad Street / Columbus, Ohio 43215 / Phone: 614-466 6360

DATE

STATE OF OHIO
OFFICE OF THE ATTORNEY GENERAL
CLAIMS SECTION—30 EAST BROAD STREET—COLUMBUS, OHIO 43215

DEC 1 5 1980

STATEMENT

**BANKRUPTCY**

TEL. 614-466-8360

| | | PENALTY | TOTAL |
|---|---|---|---|
| | | 10.05 INTEREST | |
| PERSONAL INCOME TAX DEFICIENCY AMOUNT | 67.02 | .79 | 77.86 |

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  ACCT. NO.
79  PERIOD

MICHAEL & LESLIE CAMPBELL
2048 WIMBLEDON DR
XENIA OH.  45385

DATE INTEREST STARTED TO ACCRUE

THE TAX COMMISSIONER HAS CERTIFIED TO THIS OFFICE FOR COLLECTION THE ABOVE ACCOUNT PLUS 6% INTEREST FROM THE DATE SHOWN ABOVE. MAKE YOUR REMITTANCE IMMEDIATELY BY CERTIFIED CHECK, OFFICIAL BANK CHECK OR MONEY ORDER. PAYABLE TO THE ATTORNEY GENERAL OF OHIO. IF PAYMENT IS NOT RECEIVED, LEGAL PROCEEDINGS WILL BE INSTITUTED.

RETURN THIS STATEMENT WITH PAYMENT TO INSURE PROPER CREDIT.

CHIEF, CLAIMS SECTION